**STATE of Missouri, Respondent,**

v.

**Donrico GOREE, Appellant.**

No. 46778.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 15, 1984.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 19, 1984.

Jane B. Phillips, Sp. Asst. Public Defender, St. Louis, for appellant.

John Ashcroft, Atty. Gen., Bruce Farmer, Asst. Atty. Gen., Jefferson City, for respondent.

DOWD, Chief Judge.

Defendant-appellant Donrico Goree was convicted of first-degree attempted robbery and first-degree robbery §§ 564.011 and 569.020 RSMo 1978 and sentenced to consecutive terms of five and ten years. De-

fendant does not challenge the sufficiency of the evidence and only complains the trial court committed prejudicial error in responding to a jury question during deliberations. We affirm.

The disputed communication is as follows:

Q. "Since this is the defendant's first offense, is it possible that this young man be put on probation?"

A. "Probation is solely within the discretion of the judge."

The jury proceeded with its deliberations and returned a guilty verdict. Defendant's counsel was then permitted to question the jury concerning the judge's response to their inquiry and determined that the answer provided by the trial judge did have a bearing on the verdict. Accordingly, defendant maintains the judge's answer constituted an improper comment leading the jury to determine his guilt based on the possibility on probation rather than the facts presented at trial. We disagree.

 The trial court's answer simply informed the jury it was within the court's province and not the jury's to consider the possibility of probation. His answer was a clear statement of the law and in no way indicated that defendant would be placed on probation if convicted. Defendant's reliance on *State v. Cornett*, 381 S.W.2d 878, 881 (Mo. banc. 1964) is misplaced where the Supreme Court in that case held that it was error for the trial court to inform the jury that the sentence imposed by its verdict could be diminished by parole or some similar procedure not administered by the judicial branch of government. Such is not the case here. Moreover, the Supreme Court in the case of *State v. Duisen*, 428 S.W.2d 169 (Mo.1967) held as appropriate the statement "The question is not a matter of proper concern by the jury." Even though the court's answer in the case at bar does not parrot that given in *Duisen* it states the same principle which we find neither misleading or confusing. While the jury poll indicated the court's answer did have a bearing on their decision, it is not clear what the actual effect was. Since defend-

ant received the minimum sentence on both counts he can hardly claim the jury enhanced his punishment due to the possibility of parole. As to the guilty verdict, we find it inconceivable that the jury was pressured by an answer simply indicating it was not within their power to decide on probation. We find defendant was not prejudiced.

Judgment affirmed.

CRIST and REINHARD, JJ., concur.